**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br> **v.** <br> **ROGELIO AMADA LAMAS,** <br> **Defendant.** | ) | **Case No. 12-20119-02 (Criminal)** <br> **16-2139 (Civil)** |

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant Rogelio Amada Lamas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 214) and defendant's motions for appointment of counsel and an extension of time to file a reply (Docs. 219 and 220). Defendant alleges ineffective assistance of counsel. For the reasons set forth below, the court denies defendant's § 2255 motion in part, and takes one claim under advisement.

### I. Factual Background

On July 15, 2013, during a change of plea hearing, defendant informed the court that he had not had time to review the full plea agreement. Three days later, the court granted defendant's motion to continue his jury trial, and scheduled the trial for September 16, 2013. On September 10, 2013, defendant first filed a notice of intent to assert an affirmative defense, and later informed the court of his intent to plead guilty.

On September 11, 2013, defendant pleaded guilty, pursuant to a written agreement, to conspiracy to distribute and possession with intent to distribute more than 50 grams of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and

846. The government agreed to recommend a sentence within the applicable guideline range as well as recommend that defendant receive a two-level reduction to his applicable offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The parties' plea agreement did not mention a third level reduction under § 3E1.1(b).

Defendant's total offense level was determined to be 39, and the court ultimately imposed a 204-month sentence. Defendant filed his § 2255 motion on March 3, 2016.

## II. Legal Standard

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the district court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law. If the court finds that defendant is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [defendant] or resentence him or grant a new trial or correct the sentence . . . ." 28 U.S.C. § 2255(b).

## III. Ineffective Assistance of Counsel

Defendant's § 2255 motion contains four claims alleging ineffective assistance of counsel; however, the second claim regarding the "safety valve" is crossed out. His remaining claims are that trial counsel failed to properly advise defendant about: (1) the option to plead guilty without a plea agreement ("open" plea); (2) the timeliness for entering a guilty plea; and (3) relevant conduct for sentencing purposes. In a supplement filed with his motion, defendant also claims his sentencing counsel rendered ineffective assistance for not making proper objections and arguments.

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668, 688 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland* ). Under *Strickland*, a

petitioner bears the burden to demonstrate that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

**a. Defendant's Claims Against Trial Counsel Regarding the Plea Agreement**

The Sixth Amendment right to the effective assistance of counsel "extends to the plea-bargaining process." *United States v. Watson*, 766 F.3d 1219, 1225 (10th Cir. 2014) (quoting *Lafler v. Cooper*, 566 U.S. 156, 162 (2012)). When a defendant claims that counsel's deficient performance caused him to reject a plea offer and proceed to trial, he must show "a reasonable probability that a plea offer would have been presented to the court . . ., that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

To establish prejudice under *Strickland*, defendant must begin by proving that a plea agreement was formally offered by the government. *See United States v. Nguyen*, 619 F. App'x 136, 141 (3d Cir. 2015) (petitioner's claim that he rejected favorable plea offer based on counsel's deficient performance necessarily fails if plea agreement was never formally offered by the government); *United States v. Barajas*, No. 10-20077-02-JWL, 2016 WL 427734, at *1 (D. Kan. Feb. 4, 2016) (denying defendant's original claim after evidence at hearing showed that the government did not extend a formal plea offer).

*i. Open Plea*

Defendant claims that trial counsel was ineffective when he failed to advise defendant of the option of pleading guilty without an agreement—an open plea. Specifically, defendant argues that had he timely pleaded guilty under an open plea, he would have been eligible for the additional one-level reduction for acceptance of responsibility as well as retained his right to appeal.

In the government's response to defendant's objections to the PSR, it referred to prior proposed plea agreements, which included language such as the following:

> Recommend the defendant receive a two level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. If the Court finds the defendant is eligible for that reduction and the defendant's offense level is 16 or greater, then the United States will move at the time of sentencing for the defendant to receive an additional one level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty, provided he enters his guilty plea by July 15, 2013.

(Doc. 182, at 6–7.)

Although there were plea negotiations conducted between the parties—and defendant eventually entered into a plea agreement with the government—defendant does not show that the government offered a plea option without an agreement and/or appeal waiver. Instead, the record reflects that the government offered earlier plea deals, which included the additional one-level reduction, if defendant timely accepted the government's offer. But defendant declined these offers. And defendant did not follow through with his initial decision to plead guilty at the July 15, 2013 hearing because he had not reviewed the proposed plea agreement in its entirety. Two days later, trial counsel moved to continue defendant's trial citing a scheduling conflict as well as the need for additional time to secure evidence to support defendant's defense at trial. As a result, the government began preparing for trial.

The government's recommendation for another one-level reduction was contingent upon defendant's timely acceptance of its plea offer in general, not the type of guilty plea. *See* U.S.S.G. §

3E1.1(b) (a third-level reduction is permitted when a defendant "timely notify[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial[]"). There is no evidence in the record indicating that an offer to enter into an open plea was available. Furthermore, trial counsel objected to the omission of the one-level reduction prior to sentencing, and it was ultimately denied by the court. Thus, defendant cannot show a reasonable probability that a different outcome was likely had he pleaded guilty without an agreement.

ii. *Timely Acceptance*

Defendant claims that trial counsel's assistance was ineffective because he failed to explain the plea agreement in its entirety prior to the July 15, 2013 hearing. As a result, defendant's plea did not go through because he needed more time to discuss the plea agreement with trial counsel. Defendant further claims that trial counsel failed to inform him of the need to plead before a particular deadline in order to be eligible for the third one-level reduction for acceptance of responsibility. Defendant claims that had he known about the deadline, he would have entered a timely plea prior to that date.

The court has reviewed the transcript from the July 15, 2013 hearing as well as the parties' final plea agreement. The government's agreements are substantially the same, except that the final plea agreement does not allow for an extra one-level reduction based on acceptance of responsibility.

At the hearing, trial counsel explained:

> MR. DUNN: You know, I'm going to have to jump in there, and apologize to all, because even though I was given a copy of this plea agreement well in advance of our plea, and have indicated to Mr. Rask and to Mr. Wilhoft that we would plead, I missed the part about the agreement to enhance because of imported drugs and because of the storage facility, and I've never discussed that with my client. I was always under the impression -- I'll just lay this out here -- that Mr. Rask thought that we would come in at Level 38 for offense level. With these two enhancements, I think it's going to come in higher than that, and we're not prepared to plea today. So, I'm sorry, but I'm going to blow this up.

(July 15, 2013 Hr'g Tr., at 16–17.)

Trial counsel stated that it was his fault, and asked for additional time to speak with defendant. Following a short recess, trial counsel requested additional time to consult with the other prosecutor assigned to defendant's case who was unavailable that day.

The record does not conclusively establish that defendant is not entitled to relief. It is clear that trial counsel did not explain some portions of the plea agreement to defendant prior to July 15, 2013, but it is unknown what conversations trial counsel and defendant had about the plea agreement after that hearing and prior to his motion to continue the jury trial. If trial counsel did not explain the need for entering a timely guilty plea, after he essentially halted defendant's ability to go through with a knowing and voluntary plea by July 15, 2013, then defendant could show ineffective assistance of counsel under *Strickland*. Specifically, trial counsel was deficient by not fully explaining the terms of the plea agreement prior to the plea hearing, thereby prejudicing defendant because he was unable to plead guilty by the July 15, 2013 deadline and receive the additional sentence reduction. *See Missouri v. Frye*, 566 U.S. 133, 147 (2012) ("To establish prejudice [with respect to a lapsed or rejected plea offer], it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time."

Conversely, if after the July 15 hearing, trial counsel explained to defendant that he needed to make a timely decision about the plea agreement or risk losing the extra one-level reduction, then it would be difficult for defendant to establish prejudice if he subsequently chose to proceed towards trial.

Although the government attached trial counsel's affidavit—which contradicts defendant's statement that trial counsel did not explain the importance of pleading before expressed deadlines—the court cannot simply credit the government's affidavits and discredit defendant's pleadings and affidavit. *See United States v. Hershberger,* No. 90–3237, 1991 WL 136337, at *2–3 (10th Cir. 1991)

(citing *Lindhorst v. United States*, 585 F.2d 361, 365 (8th Cir. 1978)); *see also Friedman v. United States*, 588 F.2d 1010, 1015 (5th Cir. 1979) (finding "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits"). An evidentiary hearing is necessary to resolve issues in dispute when a defendant presents and supports plausible, factual allegations which conflict with "affidavits filed with the [g]overnment's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light." *Hershberger*, 1991 WL 136337, at *3 (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). Therefore, the court will conduct an evidentiary hearing on the issue of whether trial counsel was ineffective during plea discussions with defendant regarding timely acceptance of the government's proposed plea offers.

*iii. Relevant Conduct and Base Offense Level*

Defendant claims that trial counsel failed to properly explain relevant conduct and that defendant might be a base offense level of 38 under the sentencing guidelines. As a result of trial counsel's deficient representation, defendant alleges that he rejected a favorable plea offer.

Even if trial counsel was deficient by failing to explain relevant conduct and other potential sentencing factors, defendant cannot show prejudice. There is no evidence in the record that defendant rejected a more favorable plea offer with respect to relevant conduct and drug quantity. In fact, trial counsel stopped the July 15, 2013 hearing to allow him to explain to defendant the significance of relevant conduct and other potential sentence enhancements because trial counsel had overlooked their existence in the proposed plea agreement. Defendant references no other proposed plea agreement where the impact of relevant conduct and potential enhancements was less. Therefore, defendant cannot meet the requirements under *Strickland* and the court denies this claim.

**b. Defendant's Claims Against Sentencing Counsel**

Defendant claims that sentencing counsel was ineffective when he failed to: (1) argue that defendant should be treated similarly and receive the same base level under the sentencing guidelines as the conspiracy leader; (2) sufficiently object to the drug quantity attributed to defendant; and (3) argue that defendant's base offense level should have been a 34 or 36.

Defendant's claims are contrary to the record. Prior to sentencing, sentencing counsel filed a memorandum and argued that defendant should benefit significantly for his early and substantial assistance in the prosecution of the conspiracy leader as well as vicariously for the leader's substantial assistance provided to the government in other prosecutions. Sentencing counsel also objected to the base offense level, and argued that it should be a 36 instead of a 38 under the Smarter Sentencing Act or Amendment 782. At the sentencing hearing on September 25, 2014, sentencing counsel objected to the amount of drugs attributed to defendant. Sentencing counsel also referred to testimony that the conspiracy leader's offense level was 34 and requested a variance in defendant's sentence to avoid sentencing disparity with the leader of the conspiracy, who was also defendant's drug supplier.

After hearing testimony and argument, the court found that defendant was accountable for 5,329 grams of actual methamphetamine. Consequently, he was ineligible for a two-level reduction under the anticipated Smarter Sentencing Act as he was above the 4.5 kilogram threshold. The court found that defendant's request for a variance was premature and unsupported because the conspiracy leader's case and PSR had not been finalized.

Sentencing counsel did make the proper objections and arguments that defendant alleges were not made; thus, sentencing counsel was not deficient. Furthermore, because sentencing counsel made these arguments—which were ultimately denied by the court—defendant cannot show that a different outcome was likely. Defendant's claims of ineffective assistance of counsel against sentencing counsel are denied.

**IT IS THEREFORE ORDERED** that defendant Rogelio Amada Lamas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 214) is denied in part and taken under advisement in part. Defendant is entitled to an evidentiary hearing on Ground III.

**IT IS FURTHER ORDERED** that defendant's motion for an extension of time to file a reply (Doc. 219) is denied as moot.

**IT IS FURTHER ORDERED** that defendant's motion for appointment of counsel (Doc. 220) is granted. The court will appoint an attorney for defendant on the limited issue of whether trial counsel rendered ineffective assistance of counsel in failing to advise defendant about pleading guilty before a set deadline, Ground III. Once an attorney is appointed, the court will set the motion for hearing.

Dated this 17th day of May, 2017, at Kansas City, Kansas.

/s/ Carlos Murguia

**CARLOS MURGUIA**
**United States District Judge**