## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,       )
          )
        **Plaintiff,**      )
          )
v.          )
          )    **Case No. 12-20119-02 (Criminal)**
          )        **16-2139 (Civil)**
ROGELIO AMADA LAMAS,       )
          )
        **Defendant.**     )
          )

## MEMORANDUM AND ORDER

This case is before the court on defendant Rogelio Amada Lamas's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 214) alleging trial counsel was ineffective when he failed to properly advise him about the importance of entering a guilty plea before a certain deadline (Ground III).  The court held an evidentiary hearing on August 2, 2017, and for the reasons set forth below, the court finds that defendant is entitled to relief on Ground III.

### I.    Factual Background

On September 6, 2012, a grand jury indicted defendant with conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine (Count One); distributing more than 50 grams of methamphetamine (Count Three); and possessing with intent to distribute more than 50 grams of methamphetamine (Count Four).

The government initially proposed a plea agreement dated October 31, 2012, with a plea-entry deadline of December 3, 2012.  Trial counsel did not remember discussing this deadline with defendant, however, defendant did not accept this initial plea agreement.

On February 27, 2013, the government offered a second plea agreement with a plea-entry deadline of March 8, 2013. Once again, trial counsel did not remember discussing the deadline with defendant, and defendant did not plead guilty by March 8, 2013. The court subsequently scheduled defendant's jury trial for July 22, 2013.

On July 15, 2013, the parties appeared before the court for defendant's change of plea. The plea paperwork was prepared and defendant was ready to enter a guilty plea. However, trial counsel stopped the hearing mid-way through because he had not fully explained the plea agreement to defendant. Trial counsel stated that it was his fault, and asked for additional time to speak with defendant. Following a short recess, trial counsel requested additional time to consult with the other prosecutor assigned to defendant's case who was unavailable that day.

On July 17, 2013, trial counsel filed a motion to continue the jury trial. Trial counsel referenced the fact that the July 15, 2013 plea did not go through, and stated that he had suspended trial preparation because he believed the parties had reached an agreement. Trial counsel also noted that he had another trial scheduled for July 22, 2013, in state court. The court granted defendant's motion to continue his jury trial, and scheduled the trial for September 16, 2013.

At some point after the July 15, 2013 plea hearing, the government gave a third proposed plea agreement to trial counsel. The evidence is unclear about when or in what form the third proposed plea agreement was transmitted, and neither party produced any written record regarding the negotiations. Trial counsel testified that he does not remember whether there was a deadline for accepting the third proposed plea agreement. Trial counsel also could not recall when the government withdrew its previous recommendation for a third-level acceptance-of responsibility reduction.

On September 10, 2013, defendant filed a notice of intent to assert an affirmative defense; but later that same day, defendant communicated his intent to plead guilty.

On September 11, 2013, defendant pleaded guilty to Count One of the indictment.  Among others agreements, the parties agreed that the government would recommend a sentence within the applicable guideline range and for defendant to receive a two-level reduction to his applicable offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  The parties' plea agreement did not mention a third-level reduction under § 3E1.1(b).

Defendant's total offense level was 39, with a criminal history category of II, and the court ultimately imposed a 204-month sentence.  Defendant filed his § 2255 motion on March 3, 2016.   In a Memorandum and Order dated May 17, 2017, the court denied two claims, but granted an evidentiary hearing on defendant's claim that trial counsel failed to explain the plea-agreement deadlines (Doc. 228).

## II.    Legal Standards

Under 28 U.S.C. § 2255(a), a prisoner in custody has the right to challenge a sentence imposed by the district court if it is in violation of the Constitution or other law of the United States, or if the sentence imposed was in excess of the maximum authorized by law.  If the court finds that defendant is being held in violation of federal law, the court "shall vacate and set the judgment aside and shall discharge the [defendant] or resentence him or grant a new trial or correct the sentence . . . ."  28 U.S.C. § 2255(b).

Defendants have a Sixth Amendment right to counsel, which also extends to the plea-bargaining process.  *Lafler v. Cooper*, 566 U.S. 156, 162 (2012).  The same two-part test from *Strickland v. Washington*, 466 U.S. 668, 688 (1984) governs challenges to guilty pleas based on ineffective assistance of counsel.  *Lafler*, 566 U.S. at 162.  Under *Strickland's* performance prong, a defendant must show "that counsel's representation fell below an objective standard of reasonableness."  *Id.*  at 163 (citations omitted).  "To establish prejudice [with respect to a lapsed or

rejected plea offer], it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. 133, 147 (2012). To meet this burden, defendant must show that (1) a plea offer would have been presented to the court; (2) the court would have accepted its terms; and (3) the conviction or sentence, or both, under the offer's terms would have been less severe than the judgment and sentence actually imposed. *Lafler*, 566 U.S. at 164.

### III.    Discussion

The issue before the court is whether trial counsel informed defendant and/or explained to him the importance of accepting the plea offer by a certain date. Trial counsel was deficient when he failed to explain portions of the plea agreement to defendant prior to the plea hearing, which ultimately prevented defendant from entering a knowing and voluntary guilty plea by July 15, 2013. However, defendant must still show prejudice.

It is undisputed that defendant's July 15, 2013 plea paperwork contained the additional one-level reduction for timely acceptance of responsibility; but his September 11, 2013 plea agreement did not. At the evidentiary hearing, trial counsel testified that he did not recall much about the July 15, 2013 hearing. Trial counsel also did not remember negotiating another plea agreement that contained the third point. When asked about his general practice, trial counsel stated that he tries to communicate plea offers with clients, but he had no specific recollection about discussing the deadlines for the third proposed plea agreement with defendant. Trial counsel admitted that "it's possible" he did not discuss the deadline for the final plea offer, and further testified "I guess I would have to defer to Rogelio on that." (Tr., at 28.)

Trial counsel's testimony was inconsistent with his affidavit that he previously signed for the government—in which he stated he had discussed the plea-offer deadlines with defendant. But the

court credits trial counsel's testimony at the evidentiary hearing.  Trial counsel explained that when he learned of defendant's § 2255 claim he "had a bit of a visceral reaction" to what he felt was an "attack" on him.  (Tr., at 21.)  But trial counsel did not believe he "review[ed] the file or anything for specific deadlines and specific advice" before signing the affidavit.  *Id.*

After reviewing the record and considering the evidence and testimony introduced at the hearing, the court finds that trial counsel did not sufficiently advise defendant about the deadline to earn the third-level acceptance-of-responsibility reduction under the final plea agreement.  Had defendant known he was required to plead guilty by a certain date to earn the third-level acceptance-of-responsibility reduction, he would have done so.  Furthermore, based on the government's willingness to recommend a third-level reduction at the July 15, 2013 hearing after two prior deadlines had passed and trial was one week away, the court finds that the government would have recommended the additional reduction had defendant entered his guilty plea at an earlier date.  Based on the parties' prior history, the court finds that the government would have recommended a 30 percent reduction from the low end of the resulting guideline range, and the court would have sentenced defendant to a lesser sentence.

## IV.    Remedy

Defendant has met his burden to show ineffective assistance of counsel.  *See Lafler*, 566 U.S. at 164.  "Sixth Amendment remedies should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'"  *Id.* at 170 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)).  Thus, the court fashions a remedy to "neutralize the taint" of the constitutional violation, yet does not grant a windfall to defendant or waste government resources properly invested in the criminal prosecution.  *Id.*

Here, resentencing defendant to a lesser sentence in accordance with his plea agreement and the third-level acceptance-of-responsibility reduction is sufficient to neutralize the taint, but not waste government resources. *See Lafler*, 566 U.S. at 170–71 ("The specific injury suffered by defendants who decline a plea offer as a result of ineffective assistance of counsel and then receive a greater sentence . . . can come in at least one of two forms. In some cases, the sole advantage a defendant would have received under the plea is a lesser sentence."). Specifically, with the third acceptance point, defendant's guideline range (with a total offense level of 38, and a criminal history category of II) will be 262-327 months' imprisonment. A 30 percent reduction from the low end of this guideline range will result in a sentence of 183 months—179 months on the conspiracy, plus 4 consecutive months under 18 U.S.C. § 3147. Therefore, defendant is entitled to relief under § 2255 and a lesser sentence.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 214) is granted as to Ground III.

**IT IS FURTHER ORDERED** that defendant's original sentence is vacated, and defendant will be resentenced in accordance with this order. The court will set a sentencing hearing in a separate notice.

Dated this 7th day of February, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**