IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                 Plaintiff, )
)
v. )    Case No. 12-20119-02-JWL
)
ROGELIO AMADA LAMAS, )
)
                 Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 268).[1]  For the reasons set forth below, the Court **dismisses the motion for lack of jurisdiction**.

The Government argues that the Court lacks jurisdiction to consider defendant's motion under Section 3582(c)(1)(A) because defendant has not satisfied the applicable exhaustion requirement.  The statute allows a defendant to bring a motion for reduction of a term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See id.*

---

[1] This case was reassigned to the undersigned judge on April 27, 2020.

In his motion, filed on April 27, 2020, defendant did not indicate that he could satisfy either prong of the exhaustion requirement. Instead, he argued that the Court should waive that requirement. As the undersigned has previously ruled, however, in agreement with the others judges in this district, the requirement is jurisdictional and cannot be waived. *See United States v. Trevino*, No. 07-20168-JWL (D. Kan. May 15, 2020) (slip. op.) (Lungstrum, J.) (citing *United States v. Wright*, 2020 WL 2306898, at *2 & n.11 (D. Kan. May 8, 2020) (citing cases)).

In his reply brief, defendant stated that his letter to the warden had been denied, and that complaints on forms BP-8 and BP-9 had been denied. He attached to his reply the following documents: a letter of request to the warden, which is undated but which bears a stamp indicating receipt in the warden's office on some date in May (the day is illegible); the warden's denial, dated May 6, 2020; and a denial by the warden, dated May 18, 2020, of defendant's May 12 administrative appeal of the May 6 denial.

These documents are not sufficient to establish satisfaction of the statute's exhaustion requirement. First, although the date of defendant's initial request to the warden is not known, it appears that the request was received in May 2020. Thus, defendant has not shown that 30 days have lapsed from the date of his request.

Second, although defendant argues that he has submitted requests to the warden on forms BP-8 and BP-9, he has not indicated that he has appealed the warden's denial to the Regional Director (by form BP-10) and then to the General Counsel (by form BP-11). *See* 28 C.F.R. § 571.63 (pursuant to 28 C.F.R. § 542, inmate may appeal warden's denial of request under Section 3582(c)(1)(A); denial by general counsel constitutes a final

administrative decision); 28 C.F.R. § 542.15 (inmate may appeal from a decision by the warden to the regional director by form BP-10, then to the general counsel by form BP-11).  Thus, defendant has not shown that he has "fully exhausted" his administrative rights to appeal the warden's decision.

Accordingly, the motion is **dismissed for lack of jurisdiction**, without prejudice to the filing of another motion once defendant has satisfied the exhaustion requirement.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for compassionate release (Doc. # 268) is hereby dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 27th day of May, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge