IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-20119-02-JWL |
| | ) | |
| ROGELIO AMADA LAMAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## <u>MEMORANDUM AND ORDER</u>

In September 2013, defendant Rogelio Amada Lamas pleaded guilty to one count of conspiracy to distribute or possess with the intent to distribute more than 50 grams of methamphetamine.  Mr. Lamas was sentenced to 204 months imprisonment.  After the district court assigned to the case at that time granted a portion of Mr. Lamas' § 2255 petition, his sentence was reduced to 183 months imprisonment.  Mr. Lamas is presently incarcerated at Yankton FPC and his anticipated release date is August 17, 2025.  This matter is presently before the court on defendant's motion for compassionate release (doc. #275).  For the reasons set forth below, the motion is denied.

A court may reduce a term of imprisonment for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A).  The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute.  *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to

show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[1]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

---

[1] The statute allows a defendant to bring a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Mr. Lamas alleges in motion that he has exhausted his administrative remedies and the government does not challenge that allegation. The court, then, exercises jurisdiction over the motion and proceeds to the merits.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here. *See id.* Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide self-care within the prison environment from which he or she is not expected to recover. *See id.* Nothing in the record indicates that Mr. Lamas can satisfy subdivision (A) and, thus, Mr. Lamas has not shown that he is entitled to relief under this subdivision.

That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D)  Other Reasons. –** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its

3

own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See United States v. Jackson,* 2020 WL 2812764, at *3 (D. Kan. May 29, 2020). As will be explained, the court concludes in its discretion that Mr. Lamas has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison because he has not shown that he suffers from medical conditions that place him at an elevated risk of harm from the virus.[2]

Mr. Lamas asserts that his status as a "minority male" renders him particularly susceptible to COVID-19 and increases his risk of harm in the event that he contracts the virus. But the fact that Mr. Lamas is a minority male does not constitute a risk factor for COVID-19 in the same way that an underlying medical condition does. *See United States v. Leigh-James*, 2020 WL 4003566, at *8 (D. Conn. July 15, 2020) (collecting cases and recognizing that higher death and hospitalization rates from COVID-19 among African-Americans "most probably owes to long-standing systemic health and social inequities" rather than the fact of race itself). The court, then, rejects the argument that Mr. Lamas's status as a minority male, standing alone, places him at an increased risk of harm. *See id.*; *United States v. Billings*, 2020 WL 4705285, at *3 n.5 (D. Colo. Aug. 13, 2020) (it is "entirely speculative" whether race, in and of itself, increases risk of contracting virus or experiencing a more severe course of the virus; refusing to consider race a "compelling" reason); *United States v. Varela*, 2020 WL 4670860, at *3 n.4 (D. Colo. Aug. 12, 2020)

---

[2] In his reply, Mr. Lamas asserts that his mother was diagnosed with cancer in 2018. But he does not indicate how his mother's health condition bears on the issues before the court.

("While the virus may have a disparate impact on [Hispanics and males] in society at large, the Court is not persuaded that either of these characteristics qualifies as a risk factor or comorbidity.")); *United States v. Chambers*, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (defendant's African-American race does not amount to an extraordinary or compelling reason for compassionate release); *United States v. Anello*, 2020 WL 3971399, at *5 (W.D. Wash. July 14, 2020) (fact that inmate is African American may not necessarily elevate his risk of suffering from complications from COVID-19; "the CDC suggests that the disproportionate rate of severe outcome is due to complex societal realities related to living and work conditions, unequal access to health care, and underlying health conditions"); *United States v. Green*, 2020 WL 3642860, at *4 (W.D. Pa. July 6, 2020) (denying motion for compassionate release for 39-year-old defendant, explaining that while data suggests that African-Americans have been disproportionally affected by COVID-19, it is unclear whether race is an independent risk factor or whether adverse outcomes are caused by other factors).

In his reply brief, Mr. Lamas also asserts that his status as a former smoker places him at an increased risk of contracting COVID-19 and experiencing more severe illness if he does contract the virus. But there is nothing in the record to suggest that his history of smoking has impacted his health in a way that increases his risk with respect to COVID-19. *See United States v. Leigh-James*, 2020 WL 4003566, at *8 (D. Conn. July 15, 2020) (denying motion for compassionate release filed by inmate with history of smoking in absence of particularized impact on health); *United States v. Marsh*, 2020 WL 3989580, at *2 (D. Vt. July 15, 2020) (denying motion for compassionate release despite history of

5

smoking where there was no showing of related disease); *United States v. Stafford*, 2020 WL 3893401, at *2 (D. Md. July 10, 2020) (inmate's history of smoking did not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief).  Thus, while the CDC's most recent guidance states that smoking "might" contribute to heightened susceptibility to severe COVID-19 illness, see https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 18, 2020), there is simply no basis on this record to conclude that defendant's risk is sufficient to constitute an extraordinary and compelling reason for release, particularly in the absence of other underlying medical conditions.  *Compare United States v. Slate*, 2020 WL 4722382, at *2 (D. Hawaii Aug. 13, 2020) (inmate's history of smoking at most placed him at possible increased risk; denying motion for relief) *with United States v. Galaz*, 2020 WL 4569125, at 4 (S.D. Cal. Aug. 7, 2020) (granting motion for relief based in part on history of smoking combined with other conditions including tuberculosis).

Lastly, Mr. Lamas asserts in his motion that his conditions of confinement—a prison setting—increases his risk of contracting the virus.  But Yankton FPC appears to be effectively responding to and defending against the threats of the virus.  The coronavirus page of the BOP's website indicates that Yankton has tested nearly one-fifth of its inmate population and has never had a positive case.  Mr. Lamas, then, has failed to meet his burden to show that the conditions at Yankton FPC significantly increase his risk of contracting COVID-19.

Mr. Lamas, then, has simply not shown that he bears an increased risk of serious medical harm, and the court is not prepared to order the release of any and all inmates, solely because of the pandemic, in the absence of such a particularized risk.  Accordingly, the court in its discretion concludes that Mr. Lamas has not shown that extraordinary and compelling reasons warrant his release from prison.  The court therefore denies the instant motion for relief under section 3582(c)(1)(A).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's emergency motion for reduction in sentence (doc. #275) is hereby **denied.**

**IT IS SO ORDERED.**

Dated this 18th  day of September, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge